**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RANDALL BERRY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF OKLAHOMA, )<br>)<br>Respondent. ) | Case Number CIV-05-311-C |

## MEMORANDUM OPINION

Now before the Court is a Notice of Intent to Appeal filed by Petitioner Randall Berry (Berry), a prisoner appearing pro se. The Court construes Berry's Notice of Intent to Appeal as a Motion for Certificate of Appealability (COA) to appeal the Court's denial of his Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241. See 28 U.S.C. § 22353(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that a state prisoner must obtain a COA to appeal the denial of a § 2241 habeas petition).

The Court may grant Berry a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court previously denied Berry's § 2241 motion on the ground that it was not timely filed and did not address the merits of Berry's constitutional claim. (Order, Dkt. No. 8.) As a result, the requisite "substantial showing" Berry must make is two-fold: "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[,] and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Berry is not tasked

with demonstrating that his appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003).

Here, Berry's Motion for Certificate of Appealability fails to make the requisite showing. Therefore, Berry's Motion for Certificate of Appealability (Dkt. No. 10) is DENIED.

IT IS SO ORDERED this 13th day of June, 2005.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge

O:\Jerry\___CRIMINAL\BERRY v. ST. of OK-2A\COA - Order Denying.wpd